UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA ANN MEDVEY, | : | CIVIL NO. 301CV1977(WWE) |
| Plaintiff, | : | |
| v. | : | |
| OXFORD HEALTH PLANS, INC., and METROPOLITAN LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | | DECEMBER 10, 2003 |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' AMENDED MOTION TO COMPEL**

The defendants', Oxford Health Plans, Inc. and Metropolitan Life Insurance Company (hereinafter "Defendants") submit this Memorandum of Law in support of their Motion to Compel the plaintiff, Patricia Ann Medvey (hereinafter "Medvey"), to comply with Defendants' discovery demands, dated May 29, 2003. Plaintiff served partial compliance with those demands on November 20, 2003, in response to defendants' October 21, 2003 Motion to Compel. **See** Medvey's responses attached hereto as Exhibit A. However, plaintiff objected to most of the requests despite the fact that the time for such objections expired pursuant to Fed. R. Civ. P. 33 and 34 on June 28, 2003. Furthermore, plaintiff's responses to several other discovery requests were obviously incomplete. Indeed, plaintiff filed no response at all to several of the discovery

STAM1-747996-1

requests. Defendants therefore file this Amended Motion to Compel complete responses from Medvey.

## ARGUMENT

As noted in the plaintiff's original Motion to Compel dated October 21, 2003, this action arises out of Medvey's allegations that she was terminated from her position at Oxford in violation of the Americans with Disabilities Act, the Connecticut Fair Employment Practices Act, and the Rehabilitation Act of 1973. In accordance with the Court ordered Rule 26(f) report, Defendants served Medvey with interrogatories and requests for production on May 29, 2003. On August 22, 2003, having received no responses or objections to these discovery demands, the undersigned wrote to Medvey's counsel demanding that responses be served on or before September 5, 2003. Defendants also noticed the deposition of Ms. Medvey for September 18, 2003. See Affidavit of David J. Burke, Paragraphs 3 through 7 and Exhibits A and B attached thereto. On September 8, 2003, Medvey's counsel wrote to the undersigned promising responses within a week. Id. When no responses had been received, Defendants filed their Motion to Compel on October 21, 2003. Medvey's response to that motion was due, pursuant to Local Rule 7, on November 12, 2003, but no response was filed by that date. In a later response to that motion, however, Medvey served discovery responses upon Defendants on November 20, 2003, but those responses are incomplete as noted below. As a result of the failure of Medvey to promptly respond to Defendants' discovery demands, Defendants have been unable to depose Medvey as planned, and are unable to prepare dispositive motions.

A complete discussion of Medvey's incomplete responses to Defendants' discovery requests follows:

1. **MEDVEY'S RESPONSES TO DEFENDANTS' INTERROGATORIES**

    A. **Medvey's Time to Object Expired on June 28, 2003.**

Medvey has objected to Interrogatories 1 through 17, and 20-21, although she has responded to some of those interrogatories "notwithstanding the foregoing objection." Medvey's time to object expired pursuant to Fed. R. Civ. P. 33 and 34 on June 28, 2003. Therefore, Defendants move that these objections be denied by the Court and Defendants move for an order from the Court directing Medvey to respond completely to Interrogatories 1 through 17, and 20-21.

    B. **Medvey's Responses to Many of the Interrogatories are incomplete.**

**Interrogatory Number 6** requested the following information:

> **1. If you have accepted any offer of employment, state the name and address of your employer, the name and job title of your immediate supervisor, your job title, duties, and responsibilities, and the compensation you are entitled to receive, including but not limited to rate of pay, overtime compensation, car or travel allowance, meal allowance, health insurance, life insurance, disability or retirement benefits, bonuses, and commissions. Identify all documents that relate to the foregoing.**

Medvey responded by objecting (see A. above), and then providing the following answer:

> **Plaintiff accepted an offer of employment from Mila Grieb; see letter of acceptance dated September 15, 1999 – Exhibit 1-B in Plaintiff's Response to**

3

>the Request for Production.  Plaintiff accepted an offer of employment from Coldwell Banker, Residential Brokerage as an independent agent.

Exhibit 1-B only contains the starting salary for this position.  None of the other information requested in Interrogatory Number 6 has been provided.

**Interrogatory Number 9** requested the following information:

>2.   With regard to any employers for whom you worked prior to your employment with Oxford Health Plans, Inc., identify and describe in detail how your alleged disability affected your performance, what accommodation you sought for your disability, and how each previous employer was able to accommodate your disability.

Medvey responded by objecting, and then providing the following answer:

>Plaintiff's disability precluded certain types of work to which she was not assigned.

This answer is obviously incomplete.

**Interrogatories 11 through 15** requested all information and documents that support Medvey's various causes of action in the Amended Complaint ( i.e., violations of ADA, the Rehabilitation Act, the Connecticut Unfair Employment Practices Act,  retaliation and civil conspiracy).  Medvey responded by objecting, and then provided the following answer:

>Plaintiff asserts these documents are found in her Response to Defendant's Request for Production Items 1, 2 and 5.

These answers are obviously incomplete.

**Interrogatories 16 and 17** requested all medical documentation generated in the course of medical treatments for Medvey's disability.  Medvey responded by objecting, and then by

4

referencing the items produced in response to Request for Production Item 5. There are no documents in Item 5 dated after August of 1999. If later documentation exists, this answer is obviously incomplete. Counsel for Medvey has stated that further medical documentation exists and will be produced, but to date nothing has been received by defendants.

**Interrogatory Number 18** requested the following information:

> **3.      Do you expect to call an expert witness on your behalf at trial? If so, state the subject matter on which he or she is expected to testify, the substance of all facts and opinions as to which he or she is expected to testify, and the summary of the grounds on which each such opinion will be based.**

Medvey provided the following response:

> **Robert L. Lesser, M.D.**

This response is obviously incomplete and the complete information is required by Fed. R. Civ. P. 26(b)(4)(B).

**Interrogatory Number 20** requested the following information:

> **4.      Identify all documents you intend to introduce into evidence at trial.**

Medvey objected and then provided the following response:

> **Plaintiff intends to introduce the documents included in the response to Defendants Request for Production, Plaintiff's medical records and history, and any other documents as may be necessary to a determination of the facts.**

This response is obviously incomplete.

**Interrogatory Number 21** requested the following information:

5

      **5.** **Identify any statement in your possession, or in the possession of your attorney or any of your other agents or representatives, by any person or persons concerning your claims against the defendants.**

Medvey objected to this interrogatory and provided no further response.

**Interrogatories Number 22 and 23** requested the following information:

      **6.** **Identify and describe in detail all information and documents that support your claim in paragraph 12 of the Amended Complaint that "during the time period of plaintiff's employment by OHPI, defendants acknowledged by their actions, on several occasions, that plaintiff suffered a disability. Defendants' dates of such acknowledgement included, but were not restricted to: January 15, 1998, May 6, 1998, August 25, 1998, October 5, 1998, January 31, 1999, May 19, 1999, May 21, 1999, June 1, 1999, June 11, 1999, June 23, 1999, July 9, 1999, July 21, 1999, August 31, 1999, September 2, 1999, September 15, 1999, and October 22, 1999."**

      **7.** **Identify and describe in detail all information and documents that support your claim in paragraph 13 of the Amended Complaint that "during the time period of plaintiff's employment by OHPI, defendants were aware and acknowledged by their actions, on several occasions, plaintiff's requests for a reasonable employment accommodation based upon reasons of her disability so as to allow plaintiff a continuing opportunity to earn a livelihood. Defendants' dates of such acknowledgement included, but were not restricted to: February 1998, May 6, 1998, August 25, 1998, May 19, 1999, May 21, 1999, June 28, 1999, August 18, 1999, September 4, 199, and October 23, 1999."**

Medvey provided the following response to both interrogatories:

> **Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.**

This response is obviously incomplete. First of all, Medvey's document production does not contain documents corresponding to all of the above dates. Secondly, there is no indication in

the interrogatory response how the documents that <u>have been</u> produced support these claims by Medvey.

**Interrogatories Number 25 through 30** requested the following information:

8. Identify and describe in detail all information and documents that support your claim in paragraph 17 of the Amended Complaint that "defendants were aware of the attempts by plaintiff to seek a position with the employer that was better suited to accommodate her disability."

9. Identify and describe in detail all information and documents that support your claim in paragraph 18 of the Amended Complaint that "at all times at employer OHPI there were available numerous positions for which plaintiff was qualified.  Plaintiff on many occasions expressed an interest in a reassignment to another position at employer OHPI.  Numerous positions available at employer OHPI were offered to individuals but never to Plaintiff."

10. Identify and describe in detail all information and documents that support your claim in paragraph 19 of the Amended Complaint that "Plaintiff was advised by defendants on one or more occasions that a position with a reasonable accommodation for her disabilities would be made available to her at employer OHPI.  Plaintiff was advised on one or more occasions that employee welfare benefits would continue to be made available to her without interruption."

11. Identify and describe in detail all information and documents that support your claim in paragraph 20 of the Amended Complaint that "during her time of employment, on or about June 28, 1999, defendant OHPI assigned plaintiff to a job position that alleviated the stress of her physical ailment and created for her a more accommodating work environment.  Shortly thereafter, defendant OHPI assigned plaintiff to a position that no longer provided the necessary reasonable accommodation for her disabilities."

12. Identify and describe in detail all information and documents that support your claim in paragraph 23 of the Amended Complaint that "upon the advice of defendants, plaintiff was encouraged to seek temporary employment opportunities outside of the employment of OHPI during the time of her long term disability leave.  Plaintiff was advised by defendants that such temporary

7

**employment would not jeopardize her long term employment prospects with defendant OHPI."**

       **13.**    **Identify and describe in detail all information and documents that support your claim in paragraph 26 of the Amended Complaint that "during the time of plaintiff's leave of absence, and at a time plaintiff sought assignment to a position with defendant OHPI, that would provide a reasonable accommodation for her disability, many positions at OHPI became available.  At no time was plaintiff recommended for appointment to any of these positions."**

       **14.**    **Identify and describe in detail all information and documents that support your claim in paragraph 30 of the Amended Complaint that "as a further direct and proximate result of defendants' actions and omissions, plaintiff has incurred and will continue to incur expenses for medical care, physical therapy and psychotherapy, all to her financial detriment."**

       **15.**    **Identify and describe in detail all information and documents that support your claim in paragraph 34 of the Amended Complaint that "as a qualified individual with a disability defendants failed to provide her with a reasonable accommodation so as to allow her to remain a part of employer OHPI's work force."**

       **16.**    **Identify and describe in detail all information and documents that support your claim in paragraph 34 of the Amended Complaint that "defendants OHPI an MLIC have breached their duty to comply with the affirmative action requirements of the Rehabilitation Act by excluding plaintiff, with knowledge of a know physical handicap, from participation in employment by denying to plaintiff benefits to which she was rightfully entitled and subjected plaintiff to discrimination."**

       **17.**    **Identify and describe in detail all information and documents that support your claim in paragraph 37 of the Amended Complaint that "plaintiff claims defendants retaliated against her by denying her right to be restored to a position with equivalent benefits and other terms and conditions of employment and to provide to her a reasonable accommodation within the workplace."**

Medvey responded to all these interrogatories by simply referring to her document production

but she provided no responsive documents that relate to these interrogatories.  She identified and

described no information to support her claims, as requested by these interrogatories. Therefore, these responses are incomplete.

### 2. **MEDVEY'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Requests for Production 3, 4, 6 and 8** requested the following information:

**18.  Any and all documents constituting or referring to any meetings, conversations, discussions, or other communications between you and the defendants, or their current or former employees.**

**19.  Any and all documents constituting or referring to any communication between you and any person or entity, other than your attorney, regarding the subject matter of your lawsuit against the defendants.**

**20.  Any and all documents submitted by you or on your behalf to any state or administrative agency in connection with any claim by you for unemployment compensation.**

**21.  Any and all reports, summaries or evaluations generated or relied upon by any expert witness identified in response to interrogatory 18 above.**

Medvey provided no responses and no documents in response to this Request.

**Requests for Production 7** requested the following information:

**22.  Your federal and state tax returns for the tax year 1997-present.**

Medvey provided only <u>federal</u> tax returns, and only for the years 1999-2001.

### CONCLUSION

For all of the above reasons, it is respectfully submitted that Defendants' Amended Motion to Compel should be granted, Medvey's objections should be overruled, and Medvey

9

should be ordered to provide complete responses to every interrogatory and request for production, so that written discovery may be completed, the deposition of Medvey may be completed, and dispositive motions may be filed.

**DEFENDANTS,
OXFORD HEALTH PLANS, INC.,
METROPOLITAN LIFE INSURANCE
COMPANY**

By:   _____S/S/_____
David A. Kulle (ct00333)
dkulle@rc.com
David J. Burke (ct04373)
dburke@stam.rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel No.:  (860) 275-8200
Fax No.:  (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, to Edmond Clark, Esq., 83 Scotland Avenue, Madison, Connecticut 06443-2501 on December 10, 2003.

_____S/S/_____
David J. Burke