**EXHIBIT A**
**TO**
**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' AMENDED MOTION TO COMPEL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PATRICIA ANN MEDVEY,

        Plaintiff,

v.

OXFORD HEALTH PLANS, INC. AND
METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendants.

:   CIVIL ACTION NO.
    3:01CV1977(WWE)

:

:

:   NOVEMBER 20, 2003

## PLAINTIFF PATRICIA ANN MEDVEY'S RESPONSES
## AND OBJECTIONS TO
## DEFENDANTS' INTERROGATORIES.

Pursuant to Fed. R. Civ. P. 33 the following answers are provided to Defendants'

interrogatories. Plaintiff notes, and objects generally, as the interrogatories as presented are

thirty-six in number and therefore are in excess of the number (25) permissible by Rule without

leave of the Court. Fed. R. Civ. P. 33.

## I.    DEFINITIONS

1.    The word "statement" or "statements" means (a) a written statement in the handwriting of the person making it, or a written statement signed or initialed or otherwise in writing adopted or approved by the person making it; or (b) a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which was contemporaneously recorded.

2.    The word "representative" includes agent, attorney, consultant, indemnitor, insurer, and surety.

3.    The word "defendants" means the defendants, Oxford Health Plans, Inc., and Metropolitan Life Insurance Company.

4.    The word "you" or "your" means the plaintiff, Patricia Medvey, or any of her representatives, as defined above.

5.    The word "person" or "persons" means all entities, including but not limited to all individuals, associations, companies, partnerships, joint ventures, corporations, trusts, and estates.

6.    The word "identify," when used with respect to a person, means that you are required to furnish the following information regarding each and every person to be identified:

    (a)    If the person is an individual, state his/her full name, last known business and residential address and telephone number, and his/her last known employer and place of employment.

    (b)    If the person is not an individual, state the full name of the entity involved and the name, last known address, employer and place of employment of each and every individual or other person employed by or representing such entity or organization and having knowledge of or with whom communications have been had relating to the subject matter of the interrogatory.

7.    "Document" or "documents," used in these interrogatories, means any writing and any other tangible thing in your custody, possession, control, or known to you, whether printed, recorded, reproduced by a process, or written or produced by hand, and whether or not privileged or exempt from production for any reason, including but not limited to, letters, reports, agreements, communications, including interoffice communications, correspondence, telegrams, memoranda, summaries, notes or records of personal conversations, photographs, phono records, recordings (including audio and visual tape recordings), diaries, minutes or records of meetings, conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports of summaries of investigations, drafts of any documents, and revisions of drafts of any documents, writings, drawings, graphs, charts, purchase orders, canceled checks, invoices, computer files, and any other data compilations from which information can be obtained.  Any comment or notation appearing in any document, and not a part of the original text is to be considered a separate document.

8.    The word "identify," when used with respect to a document, means that you are required for each and every document that must be identified to:

(a)    state the exact name and title by which you refer to it;

(b)    state the date and all other identifying numbers thereon;

(c)    identify, by providing all the information required by definition no. 6, each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document;

(d)    state its general subject matter;

(e)    identify, by providing all the information required by definition no. 6, each and every addressee, if any, of said document or a copy thereof;

(f)    identify, by providing all the information required by definition no. 6, each and every person having custody, possession, or control of said document or any copy thereof;

(g)    specify the location of any file or files where the document, or any copy thereof, is normally or presently kept, and identify, by providing all the information required by definition no. 6, the custodian thereof.

(h)    Briefly summarize the contents of the document.

9.    The word "state" means to provide all words of identification.

10.    The words "Amended Complaint" mean the formal complaint dated May 21, 2002, that you filed in this action.

## II.  **INSTRUCTIONS**

1.      If you claim any interrogatory calls for material or information within the scope of the attorney-client privilege or prepared in anticipation of litigation or for trial, then with respect to any such material or information, identify all persons to whom the communication was made and respond in full respect to other information or material called for by the interrogatory.

2.      If a claim of privilege is to be made for any answer or document, please state the title of the document, the date the document was written, the author, and the basis of the privilege.

3.      If your response to any interrogatory cannot fit within the space provided, please attach additional sheets as necessary.

4.      These interrogatories are deemed continuing and require further responses as additional information comes into the possession or the custody of the plaintiff.

## III. ANSWERS TO INTERROAGATORIES.

**Inquiry 1.** Identify any and all persons who in your opinion have knowledge concerning the allegations in your complaint and for each such person state and describe any contact that you have had with him/her either directly or through one of your representatives concerning your claims, and indicate as well the means and circumstances of each such contact.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

The following individuals have knowledge concerning the allegations of the complaint: Christina Brown, Barbara Burkett, Joseph Campagne, Barbara Esposito, Jennifer G. Johnson, Kathleen Marlor, Pat Orsaia, Linda Salamone, Patricia Thal and Laurie Willett. I do not recall, at this time, any contact with any of these individuals subsequent to my separation from OHPI.

**Inquiry 2.** Identify each and every current or former employee of the defendants, Oxford Health Plans, Inc., and Metropolitan Life Insurance Company with whom you have discussed your claims against the defendants, and state the date and the substance of any such discussion.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts no substantive discussions of her claims were held with current or former employees of defendants subsequent to separation from OHPI.

**Inquiry 3.** Identify each and every individual with whom you have discussed your claims against the defendants, other than a current or former employee of the defendants, and state the date and the substance of any such discussions.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts discussions about her claims, whether prior to or subsequent to separation from OHPI, are protected by attorney client privilege.

**Inquiry 4.** Describe in detail all efforts you have made since your separation from the defendant, Oxford Health Plans, Inc., to obtain employment as an employee, independent contractor, or consultant in any capacity. State the name, address, and job title of each individual whom you have contacted, the date of the contact, the substance of the contact, and what you told him or her regarding your departure from the defendant. Identify any documents that pertain to the foregoing.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff reviewed numerous job postings of the former employer and interviewed for positions with the former employer. Plaintiff lacked necessary education and/or experience qualifications for these positions. Referenced job postings are included as Exhibit 1-A in Plaintiff's Response to the Request for Production. Plaintiff was provided an interview for a part time position at former employer; because the position required working with computers and a multi-tasking skill to which Plaintiff was incapable acceptance of the position was not medically acceptable for reasons of her impairment.

**Inquiry 5.** Identify all offers of employment that you have received since your departure from the defendant, Oxford Health Plans, Inc., and for each such offer state the name of the organization from which the offer came, the name of the person making the offer, the title, nature, and responsibilities of the position offered, the annual salary offered, and whether you accepted or rejected the offer. If any of the offers described above was rejected, state the reasons why.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff was offered employment by Mila Grieb; see letter of acceptance dated September 15, 1999 attached as Exhibit 1-B in Plaintiff's Response to the Request for Production. Plaintiff was offered employment by Coldwell Banker, Residential Brokerage.

Plaintiff was offered employment by OHPI to a part time position requiring the use of computers and multi-tasking.

**Inquiry 6.** If you have accepted any offer of employment, state the name and address of your employer, the name and job title of your immediate supervisor, your job title, duties, and responsibilities, and the compensation you are entitled to receive, including but not limited to rate of pay, overtime compensation, car or travel allowance, meal allowance, health insurance, life insurance, disability or retirement benefits, bonuses, and commissions. Identify all documents that relate to the foregoing.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff accepted an offer of employment from Mila Grieb; see letter of acceptance dated September 15, 1999 - Exhibit 1-B in Plaintiff's Response to the Request for Production.

Plaintiff accepted an offer of employment from Coldwell Banker, Residential Brokerage as an independent agent.

**Inquiry 7.** Identify and describe each and every source of income that you have derived since leaving the employment of defendant, Oxford Health Plans, Inc., including unemployment compensation, and as to each such source, state the amount of, and period in which, the income was derived. Identify any documents that evidence or refer to such sources of income.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff's other source of income since leaving the employment of the defendant is by virtue of a fluctuating and erratic alimony payment arrangement with her former spouse. Information on this source of income can be found in Plaintiff's income tax returns previously provided to Defendants. See Plaintiff's Response to the Request for Production Item 7.

**Inquiry 8.** Describe in detail each and every item of damage claimed by you to have been caused by the conduct of the defendants, and, as to each such item, state the dollar value ascribed to that item of damage, the method by which the dollar value was calculated, the date

the damage was first incurred, and the basis for claiming the damage began on such date. Identify all documents that relate to and/or substantiate your response.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff claims damages as identified in her statement of damages – revised version to be provided.

**Inquiry 9.** With regard to any employers for whom you worked prior to your employment with Oxford Health Plans, Inc., identify and describe in detail how your alleged disability affected your performance, what accommodation you sought for your disability, and how each previous employer was able to accommodate your disability.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff's disability precluded certain types of work to which she was not assigned.

**Inquiry 10.** With regard to any employers for whom you worked subsequent to your employment with Oxford Health Plans, Inc., identify and describe in detail how your alleged disability affected your performance, what accommodation you sought for your disability, and how each subsequent employer was able to accommodate your disability.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff has been limited in her ability to perform certain functions such as operating a computer, scheduling work tasks, working with multi-screen computer programs and general assignments requiring multi-tasking. Plaintiff requires and receives assistance with all tasks associated herein.

**Inquiry 11.** Identify and describe in detail all information and documents that support your claim in the Amended Complaint that defendants violated the American with Disabilities Act.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts these documents are found in her Response to Defendants' Request for Production Items 1, 2 and 5.

**Inquiry 12.** Identify and describe in detail all information and documents that support your claim in the Amended Complaint that defendants violated the Rehabilitation Act.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts these documents are found in her Response to Defendants' Request for Production Items 1, 2 and 5.

**Inquiry 13.** Identify and describe in detail all information and documents that support your claim in the Amended Complaint that defendants violated Conn. Gen. Stat. secs. 46a-51 *et seq.*

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts these documents are found in her Response to Defendants' Request for Production Items 1, 2 and 5..

**Inquiry 14.** Identify and describe in detail all information and documents that support your claim in the Amended Complaint that defendants retaliated against you.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts these documents are found in her Response to Defendants' Request for Production Items 1, 2 and 5..

**Inquiry 15.** Identify and describe in detail all information and documents that support your claim in the Amended Complaint that defendants engaged in a civil conspiracy against you.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff asserts these documents are found in her Response to Defendants' Request for Production Items 1, 2 and 5.

**Inquiry 16.** Are you treating or have you treated with any psychiatrist, psychologist, social worker, or other counselor concerning the loss of self esteem alleged in your complaint? If so, identify him or her, the period of such treatment, and any and all documents generated in the course of such treatment.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Psychiatrist: Harry Brown, M.D. Medical records are identified in Plaintiff's Response to Defendants' Request for Production Item 5.

**Inquiry 17.** Are you treating or have you treated with any medical professional or therapist in connection with the disability alleged in your complaint? If so, identify him or her, the period of such treatment, and any and all documents generated in the course of such treatment.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Internal Medicine: Neil Dreyer, M.D.; Jennifer Lax, M.D.
Ophthalmology: Stephen Rabinowitz, M.D.
Neuro-Ophthalmology: Robert L. Lesser, M.D.

Medical records are identified in Plaintiff's Response to Defendants' Request for Production Item 5.

**Inquiry 18.** Do you expect to call an expert witness on your behalf at trial? If so, state the subject matter on which he or she is expected to testify, the substance of all facts and opinions as to which he or she is expected to testify, and the summary of the grounds on which each such opinion will be based.

**Response:** Robert L. Lesser, M.D.

**Inquiry 19.** Identify all other witnesses you intend to call at trial.

**Response:** Christina Brown, Barbara Burkett, Joseph Campagne, Barbara Esposito, Jennifer G. Johnson, Kathleen Marlor, Pat Orsaia, Linda Salamone, Patricia Thal, Laurie Willett Robert L. Lesser, M.D., Harry Brown, M.D., and Stephen Rabinowitz, M.D.

**Inquiry 20.** Identify all documents you intend to introduce into evidence at trial.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection the Plaintiff provides the following response.

Plaintiff intends to introduce the documents included in the response to Defendants Request for Production, Plaintiff's medical records and history, and any other documents as may be necessary to a determination of the facts.

**Inquiry 21.** Identify any statement in your possession, or in the possession of your attorney or any of your other agents or representatives, by any person or persons concerning your claims against the defendants.

**Objection and Response:**

The Plaintiff objects to this request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

**Inquiry 22.** Identify and describe in detail all information and documents that support your claim in paragraph 12 of the Amended Complaint that "during the time period of plaintiff's employment by OHPI, defendants acknowledged by their actions, on several occasions, that plaintiff suffered a disability. Defendants dates of such acknowledgement included, but were not restricted to: January 15, 1998, May 6, 1998, August 25, 1998, October 5, 1998, January 31, 1999, May 19, 1999, May 21, 1999, June 1, 1999, June 11, 1999, June 23, 1999, July 9, 1999, July 21, 1999, August 31, 1999, September 2, 1999, September 15, 1999 and October 22, 1999."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 23.** Identify and describe in detail all information and documents that support your claim in paragraph 13 of the Amended Complaint that "during the time period of plaintiff's employment by OHPI, defendants were aware and acknowledged by their actions, on several occasions, plaintiff's requests for a reasonable employment accommodation based upon reasons of her disability so as to allow plaintiff a continuing opportunity to earn a livelihood. Defendants' dates of such acknowledgement included, but were not restricted to: February 1998, May 6, 1998, August 25, 1998, May 19, 1999, May 21, 1999, June 28, 1999, August 18, 1999, September 4, 1999 and October 23, 1999."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 24.** Identify and describe in detail all information and documents that support your claim in paragraph 14 of the Amended Complaint that "the professional opinions and diagnoses of plaintiff's doctors were made known to defendants. Defendants' dates of such acknowledgement included, but were not restricted to: May 6, 1998, September 1998, June 28, 1998, August 18, 1998, August 31, 1998, May 9, 1999 and May 21, 1999."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 25.** Identify and describe in detail all information and documents that support your claim in paragraph 17 of the Amended Complaint that "defendants were aware of the

attempts by plaintiff to seek a position with the employer that was better suited to accommodate her disability."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 26.** Identify and describe in detail all information and documents that support your claim in paragraph 18 of the Amended Complaint that "at all times at employer OHPI there were available numerous positions for which plaintiff was qualified. Plaintiff on many occasions expressed an interest in a reassignment to another position at employer OHPI. Numerous positions available at employer OHPI were offered to individuals but never to Plaintiff."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 27.** Identify and describe in detail all information and documents that support your claim in paragraph 19 of the Amended Complaint that "Plaintiff was advised by defendants on one or more occasions that a position with a reasonable accommodation for her disabilities would be made available to her at employer OHPI. Plaintiff was advised on one or more occasions that employee welfare benefits would continue to be made available to her without interruption."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 28.** Identify and describe in detail all information and documents that support your claim in paragraph 20 of the Amended Complaint that "during her time of employment, on or about June 28, 1999, defendant OHPI assigned plaintiff to a job position that alleviated the stress of her physical ailment and created for her a more accommodating work environment. Shortly thereafter, defendant OHPI assigned plaintiff to a position that no longer provided the necessary reasonable accommodation for her disabilities."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production.

**Inquiry 29.** Identify and describe in detail all information and documents that support your claim in paragraph 23 of the Amended Complaint that "upon the advice of defendants, plaintiff was encouraged to seek temporary employment opportunities outside of the employment of OHPI during the time of her long term disability leave. Plaintiff was advised by defendants that such temporary employment would not jeopardize her long term employment prospects with defendant OHPI"

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 2 and 5.

**Inquiry 30.** Identify and describe in detail all information and documents that support your claim in paragraph 26 of the Amended Complaint that "during the time of plaintiff's leave of absence, and at a time plaintiff sought assignment to a position with defendant OHPI, that would provide a reasonable accommodation for her disability, many positions at OHPI became available. At no time was plaintiff recommended for appointment to any of these positions."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 1, 2, and 5.

**Inquiry 31.** Identify and describe in detail all information and documents that support your claim in paragraph 30 of the Amended Complaint that "as a further direct and proximate result of defendants' actions and omissions, plaintiff has incurred and will continue to incur expenses for medical care, physical therapy and psychotherapy, all to her financial detriment."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 5 and 7.

**Inquiry 32.** Identify and describe in detail all information and documents that support your claim in paragraph 34 of the Amended Complaint that "as a qualified individual with a disability defendants failed to provide her with a reasonable accommodation so as to allow her to remain a part of employer OHPI's work force."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 1, 2 and 5.

**Inquiry 33.** Identify and describe in detail all information and documents that support your claim in paragraph 34 of the Amended Complaint that "defendants OHPI and MLIC have breached their duty to comply with the affirmative action requirements of the Rehabilitation Act by excluding plaintiff, with knowledge of a known physical handicap, from participation in employment by denying to plaintiff benefits to which she was rightfully entitled and subjected plaintiff to discrimination."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 1, 2 and 5.

**Inquiry 34.** Identify and describe in detail all information and documents that support your claim in paragraph 37 of the Amended Complaint that "plaintiff claims defendants retaliated against her by denying her right to be restored to a position with equivalent benefits

and other terms and conditions of employment and to provide to her a reasonable accommodation within the workplace."

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production Items 1, 2 and 5.

**Inquiry 35.** Identify and describe each and every source of income that you have received since leaving the employment of defendant, Oxford Health Plans, Inc., including unemployment compensation, and as to each such source, state the amount of, and period in which, the income was derived. Identify any documents that evidence or refer to such sources of income.

**Response:** Plaintiff directs the Defendants to Plaintiff's Response to Defendants Request for Production and in particular her IRS Returns as previously submitted to Defendants. see Plaintiff's Response to Defendants' Request for Production Item 7.

**Inquiry 36.** Describe in detail each and every item of damage claimed by you to have been caused by the conduct of the defendants, and, as to each such item, state the dollar value ascribed to that item of damage, the method by which the dollar value was calculated, the date the damage was first incurred, and the basis for claiming the damage began on such date. Identify all documents that relate to and/or substantiate your response.

**Response:** Plaintiff directs the Defendants to Plaintiff's Statement of Claim for Damages.

## **CERTIFICATION OF INTERROGATORIES.**

I, Patricia A. Medvey, hereby certify that I have reviewed the above interrogatories and the responses thereto, and that they are true and accurate to the best of my knowledge and belief.

*Patricia A. Medvey*

Patricia A. Medvey

Subscribed and sworn to before me this 17th day of November , 2003.

Edmond Clark
Commissioner of the Superior Court

## CERTIFICATION OF SERVICE.

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 20th day of November 2003, to:

David J. Burke, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford, CT  06901

and

David A. Kulle, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

_____
Edmond Clark

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PATRICIA ANN MEDVEY,            :   CIVIL ACTION NO.
                                           3:01CV1977(WWE)

         Plaintiff,

v.                                              :

OXFORD HEALTH PLANS, INC. AND
METROPOLITAN LIFE INSURANCE
COMPANY,

         Defendants.                           :   NOVEMBER 20, 2003


**PLAINTIFF PATRICIA ANN MEDVEY'S RESPONSES**
**TO DEFENDANTS'**
**REQUEST FOR PRODUCTION.**


Pursuant to Fed. R. Civ. P. 34 the following response to Defendants' Requests for Production is hereby provided.


1. Any and all documents listed, mentioned or identified in Plaintiff's responses to Defendants' interrogatories.

A. OHPI Job Postings:
       July 5, 2001 (29 pages); September 7, 2001 (40 pages)
B. Letter to Mila Grieb, September 15, 1999 – Employment Agreement (1 page)

2. Any and all documents that were consulted in preparing responses to Defendants' interrogatories.

A. 1999 Select Benefits Open Enrollment Forms (4 pages).
B. Oxford Health Plans Employee Handbook (93).
C. Oxford Performance Review Form – 1/15/98 (3).
D. Memo Plaintiff to Laurie Willett – 8/25/98 – Inquiry about job position (2).
E. Memo from Laurie Willett to Plaintiff – 8/25/98 – Request for medical info (4).
F. Oxford Performance Review form – 10/5/98 (4).
G. Memo Linda Salamone to Plaintiff – 12/14/98 – job performance accolade (1).
H. Letter Rich Juliana to Plaintiff – 1/4/99 – appointment to position Dedicated Group Service Associate (3).
I. Oxford Performance Review – 1/31/99 (3).
J. Memo from Lou Marinaccio to Plaintiff – 2/22/99 – great job performance (1).
K. Memo from Michael Trumbley to Plaintiff – 5/13/99 – congratulations for job Performance (1).
L. Met DisAbility Authorization to Furnish Medical Information, 5/29/99 (1).
M. Memo 6/1/99 – Benefits while on Leave of Absence (1).
N. Letter – Christina Brown to Plaintiff – 6/11/99 – Approval of Short Term Disability Benefit (1).
O. Letter - Christina Brown to Plaintiff – 6/23/99 – Approval of Short Term Disability Benefit (1).
P. Letter - Christina Brown to Plaintiff – 7/9/99 – Approval of Short Term Disability Benefit (1).
Q. Letter - Christina Brown to Plaintiff – 7/21/99 – Approval of Short Term Disability Benefit (1).
R. Letter – Barbara Birkett, R.N. to Plaintiff – 8/31/99 – rehabilitation intervention (6).
S. Letter - Christina Brown to Plaintiff – 9/2/99 – Approval of Short Term Disability Benefit (1).
T. Letter – Patricia Thal to Plaintiff – 9/15/99 – Rehabilitation Agreement (1).
U. Letter - Christina Brown to Plaintiff – 10/22/99 – Payment of Rehabilitation Wages (1).
V. Letter - Patricia Thal to Plaintiff – 10/22/99 – Rehabilitation File (1).
W. Descriptions of employer Disability benefits and Family Medical Leave (4).
X. Letter to Plaintiff describing COBRA benefits availability – 11/11/99 (3).
Y. Plaintiff's CCHRO Complaint, 13 March 2000 (6).
Z. Appeal of Benefit Decision submitted to Group Insurance Claims Review – 26 November 2001 (59).
AA. Metropolitan Life Insurance Company's Answer to CCHRO Complaint, 19 May 2000 (23).
BB. Oxford Health Plan, Inc. Answer to CCHRO Complaint, 11 May 2000 (35).

3. Any and all documents constituting or referring to any meetings, conversations, discussions, or other communications between Plaintiff and the Defendants, or their current or former employees.

4. Any and all documents constituting or referring to any communication between you and any person or entity, other than Plaintiff's attorney, regarding the subject matter of Plaintiff's lawsuit against the Defendants.

5. Any and all psychiatric or medical records or other documents in any way relating to Plaintiff's claims of disability of claims of loss of self esteem.

A. 1998 Notes – Stephen M. Rabinowitz, M.D. (1).
B. Letter (August 18, 1999) – Robert L. Lesser, M.D. (4).
C. Medical Certification Statement, 5/9/99 – Harry Brown, M.D. (1).
D. Application for Family Medical Leave – 5/21/99 (6).
E. Notice of Intent to Return from Leave – 6/28/99 (1).
F. CVS Prescription Profile (3).

6. Any and all documents submitted by Plaintiff or on Plaintiff's behalf to any state or administrative agency in connection with any claim for unemployment compensation.

7. Plaintiff's federal and state tax returns for the tax year 1997 – present.

A. Income Analysis Prepared by Plaintiff's counsel (1).
B. Tax Return – 1999 (3).
C. Tax Return – 2000 (3).
D. Tax Return - 2001 (3).

8. Any and all reports, summaries or evaluations generated or relied upon by any expert witness identified in responses to interrogatory 18.

The undersigned, attorney for the Plaintiff, hereby gives certification as to the good faith basis for the foregoing answers and/or objections to the Defendants interrogatories and/or requests for production.

THE PLAINTIFF,
PATRICIA ANN MEDVEY

By: _____

Edmond Clark
83 Scotland Avenue
Post Office Box 133
Madison, CT  06443-0133
Telephone: (203) 245-4602
Facsimile: (203) 245-9734
E-Mail: Eclarkmadisonlaw@aol.com
Federal Bar No.  ct22396
Her Attorney.

## CERTIFICATION OF SERVICE.

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 20th day of November 2003, to:

> David J. Burke, Esq.
> Robinson & Cole LLP
> 695 East Main Street
> Stamford, CT 06901

> and

> David A. Kulle, Esq.
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597

Edmond Clark