UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA MEDVEY,
          Plaintiff

v.                                  3:01 CV1977 (EBB)

OXFORD HEALTH PLANS,
ET AL.
          Defendant

FILED
Mar 18  4 14 PM '04
U.S DISTRICT COURT
NEW HAVEN CONN.

### RULING ON DEFENDANTS' MOTION TO DISMISS

#### Introduction

Plaintiff Patricia Ann Medvey ("plaintiff") brings this action for money damages pursuant to the Employment Retirement Security Act of 1974, 29 U.S.C. §§ 1001 et. Seq. ["ERISA"], and the Connecticut Fair Employment Practices Act ("CFEPA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and the laws of the State of Connecticut, against defendants Oxford Health Plans, Inc. ("OHP"), Oxford Select Benefits Program ("OSBP"), and Metropolitan Life Insurance Company ("Metropolitan"), in a seven-count amended complaint. The defendants now move this court to dismiss Count Three of plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)6 for failure to state a claim upon which relief can be granted. For the reasons stated below, the defendants' motion to dismiss Count Three of the complaint [Doc. No. 31] is granted.

## BACKGROUND

For the purpose of this motion to dismiss, the Court accepts the following alleged facts taken from the plaintiff's complaint as true. From October 27, 1997, to October 23, 1999, the plaintiff was employed by Oxford Health care in Trumbull, Connecticut. Her employment schedule required her to work a minimum of forty hours per week. At the time, Metropolitan acted in the capacity of welfare benefits claims administrator for Oxford.

Plaintiff alleges that, during her period of employment, she suffered from a disability which was diagnosed by her ophthalmic surgeon and other practitioners as a brain dysfunction frontal lobe injury and visual disturbances. These medical professionals diagnosed the plaintiff as having significant perception, concentration, feeling, emotional, cognition and sleeping deficiencies.

The plaintiff alleges that the defendants acknowledged both her disability and her requests for a reasonable employment accommodation based upon her disability. The plaintiff was precluded by her disability from operating Oxford's multi-screen computer program processes. In recognition of the plaintiff's serious health condition, the defendants placed the plaintiff on a period of leave from the workplace on May 21, 1999. The

2

plaintiff was advised that a position with reasonable accommodation for her disability would be made available to her at Oxford, and that her employee welfare benefits would continue without interruption.

On June 28, 1999, the plaintiff was assigned a job position that alleviated the stress of her physical ailments and created a more accommodating work environment for her. Shortly thereafter, Oxford assigned the plaintiff to a position that no longer accommodated her disabilities. Plaintiff took leave under the Family Medical Leave Act, and Oxford granted the leave under the provisions of the employee welfare benefit plan administered by Metropolitan. Prior to and during the time of her leave, the plaintiff provided defendants with various certificates of her health condition and the effects of this condition on her ability to perform her employment duties.

Oxford encouraged the plaintiff to seek temporary employment opportunities outside of Oxford during her long-term disability leave, advising her that such temporary employment would not jeopardize her long term employment prospects with Oxford. The plaintiff alleges that at all times there were available numerous positions at Oxford for which she was qualified. These positions were offered to other individuals but never to her. The plaintiff alleges that the defendants promised her a position in the workplace that provided accommodation for her disability,

3

but, when she provided medical certification that she was fit to return to the workplace on November 3, 1999, she was advised by Metropolitan that her employment with Oxford was terminated effective October 23, 1999.

The plaintiff claims that, as a result of the actions and omissions of the defendants, she has suffered a loss of income and earning capacity, a loss of employee welfare benefits, and a loss of workplace opportunity and promotion. As a further result of the defendants' actions, the plaintiff states that she has incurred and will continue to incur expenses for medical care, physical therapy, and psychotherapy, all to her financial detriment.

Plaintiff initially brought an eleven-count action in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport, against Oxford Health Plans, Inc. ("Oxford"), Metropolitan Life Insurance Company ("Metropolitan"), and several individual defendants who were employees of the corporate defendants, which was thereafter removed to the district court on the petition of defendants Oxford and Metropolitan. On May 7, 2002, in a Ruling on Defendants' Motion to Dismiss, Judge Warren Eginton ordered a dismissal of all counts of plaintiff's original complaint as to the individual defendants, with leave for the plaintiff to file an amended complaint containing allegations against the individual

4

defendants that provide them with fair notice of the claims against them. The ruling also dismissed plaintiff's common law claims, finding they were preempted by ERISA, with leave for the plaintiff to amend her complaint to assert a cognizable ERISA claim.

The plaintiff amended her complaint, asserting new ERISA claims but naming no individual defendants. Defendant subsequently moved to dismiss the first three counts of the Amended Complaint due to plaintiff's failure to exhaust her administrative remedies under ERISA. On February 6, 2003, the court granted the motion in part, dismissing Counts One and Two of the amended complaint, and denied defendants' motion as to Count Three. The case was subsequently transferred to this judge, and defendants have now moved to dismiss Count Three.

## Legal Analysis

I. Standard of Review

Defendants assert that Count Three should be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "The function of a motion to dismiss 'is merely to assess the

legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)(quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the nonmoving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

II. Standard As Applied

Count Three of plaintiff's complaint alleges that "defendants [sic] actions to deny Plaintiff a continuation of her employment, and a denial to her of the rights associated with this employment, represent a conspiracy by the defendants which has caused the Plaintiff a loss of income and physical and emotional injury...in violation of the Plaintiff's rights under the color of both state and federal law and statute." [Amended Complaint at 11-12.] While plaintiff's complaint asserts this conspiracy count "pursuant to the law of the State of Connecticut," in the same count she sets out the elements of a conspiracy violation pursuant to 42 U.S.C. §1985. Regardless of whether plaintiff's conspiracy claim is meant to be a civil conspiracy claim pursuant to the laws of Connecticut or a §1985

6

claim pursuant to the laws of the United States, neither claim can survive defendants' motion to dismiss.

### 1. Civil Conspiracy Claim

Defendants have construed Count Three of plaintiff's complaint as a common law claim of civil conspiracy, and have moved this court to dismiss the count based on the fact that it is merely a common law variation of the statutory violations plaintiff alleges under the ADA, CFEPA, and the Rehabilitation Act of 1973.

Construing plaintiff's conspiracy count as a cause of action for civil conspiracy pursuant to Connecticut laws, plaintiff is required to plead the following elements: 1) a combination between two or more persons, 2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, and 3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, 4) which act results in damage to the plaintiff. Silva v. New York Life Ins. Co., 2001 Conn. Super. LEXIS 202, 26-27 (Conn. Super. Ct. 2001)

In Connecticut, "[t]here is no such thing as a civil action for conspiracy.  The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." Solberg v. Town of Oxford, No. 036149, 1995

Conn. Super. LEXIS 2478,(Conn. Super. Ct. 1995). Here, plaintiff asserts a conspiracy was formed to deny her of her employment and the benefits associated with her employment, including her disability benefits. This court therefore agrees with defendants that, this cause of action is nothing more than a common law claim of wrongful discharge, a common law tort in Connecticut. *See* <u>Sheets v. Teddy's Frosted Foods, Inc.</u>, 179 Conn. 471 (Conn. 1980)(finding a former employee can prevail on a claim of wrongful discharge if she can prove a demonstrably improper reason for dismissal, such as a reason whose impropriety is derived from some important violation of public policy).

While the Supreme Court of Connecticut recognized the viability of wrongful discharge claims against employers in <u>Sheets</u>, such claims have only been upheld in limited circumstances. In <u>Banerjee v. Roberts</u>, 641 F. Supp. 1093 (D.Conn. 1986), the court held that

> [i]t is evident that the Connecticut Supreme Court in <u>Sheets</u> did not intend to create a means for discharged employees to assert the same statutory or constitutional violations twice in a single complaint or to circumvent the procedural requirements of the state human rights statutes. Instead, the court intended merely to provide 'a modicum of judicial protection,' for those who did not already have a means of challenging their dismissals under state law.

<u>Id.</u> at 1108 (quoting <u>Sheets</u>, 179 Conn. at 477).
Thus, a common law tort claim based on disability discrimination can be sustained only when a discharge violates public policy <u>and</u>

8

the employee is otherwise without a remedy.

Because the only public policies implicated in plaintiff's claim for wrongful discharge are covered by the Connecticut Fair Employment Act, as well as the ADA and the Rehabilitation Act of 1973, plaintiff's claim is preempted by those statutory schemes. See e.g., Dallaire v. Litchfield County Ass'n for Retarded Citizens, NO. 3:00CV01144, 2001 U.S. Dist. LEXIS 2389 (D. Conn. February 12, 2001)(finding plaintiff's common law tort claim related to her alleged discriminatory discharge was preempted by the ADA and CFEPA because "[t]he public policy against disability discrimination is adequately vindicated through these statutory schemes and remedies."); See also, Snyder v. J.M. Ney Co., No. H-85-653, 1987 U.S. Dist. LEXIS 15147, 6-7 (D. Conn. March 25, 1987)(finding wrongful discharge claim based on age discrimination preempted by the ADEA, ERISA and the Connecticut Fair Employment Act).  Because in the case before us the plaintiff has asserted other statutory mechanisms by which she may obtain a remedy, her common law claim of conspiracy to deny her employment is preempted by such acts.

### 2. 42 U.S.C. §1985 Claim

Plaintiff argues in her memorandum in opposition to defendants' motion to dismiss that her claim of civil conspiracy is not preempted because she has alleged a cognizable claim

9

pursuant to 42 U.S.C. §1985. Section 1985 provides that if persons conspire to deprive any person of the equal protection of the laws, the injured party may recover damages. See 42 U.S.C. § 1985; Hodge v. City of Long Beach, No. CV-02-5851, 2004 U.S. Dist. LEXIS 2835 (E.D.N.Y. February 24, 2004). To plead a violation of 42 U.S.C. § 1985(3) the plaintiff must allege four elements: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the law; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-29 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-3 (1971)).

In Count Three, plaintiff alleges that the defendants conspired to deny her employment because of her disability, and therefore deprived her of the equal protection of the laws, in violation of 42 U.S.C. § 1985. In this circuit, discrimination based upon a plaintiff's mental disability is sufficient to state a claim under Section 1985. Bowen v. Rubin, 2002 U.S. Dist. LEXIS 25283, 8-9 (E.D.N.Y. May 17, 2002); See People by Abrams v. 11 Cornwell Co., 695 F.2d 34 (2d Cir. 1982), *vacated in part on other grounds*, 718 F.2d 22 (2d Cir. 1983). However, at the same

10

time, Section 1985(3) cannot be used to enforce statutes which already provide a mechanism for relief. <u>Sherlock v. Montefiore Medical Center</u>, 84 F.3d 522, 527 (2d Cir. 1996). In <u>Montefiore Medical Center</u>, the Second Circuit noted that Section 1985(3) cannot be used to enforce rights created by Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act because those statutes have their own enforcement and conciliation mechanisms. <u>Id.</u>

In the case before this Court, plaintiff is seemingly attempting to use Section 1985(3) to enforce the ADA, CFEPA, and the Rehabilitation Act of 1973. However, these statutes have their own enforcement mechanisms, similar to those in Title VII and the ADEA. <u>Sherlock v. Montefiore Medical Ctr.</u>, 84 F.3d 522, 527 (2d Cir. 1996); *See also* <u>Caraveo v. Nielsen Media Research</u>, 2003 U.S. Dist. LEXIS 941, 10-13 (U.S. Dist. , 2003)(dismissing Section 1985 claim because preempted by similar New York statutes addressing discrimination based on a disability). Therefore, because plaintiff has alleged violations of state and federal anti-discrimination laws which have their own enforcement mechanisms and remedies, defendants' motion [Doc. No. 31] is granted, and plaintiff's conspiracy count based on Section 1985 is dismissed.

SO ORDERED

/s/ Ellen B. Burns

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 18th day of March, 2004.

12