UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA ANN MEDVEY, | : | CIVIL NO. 301CV1977(EBB) |
| Plaintiff, | : | |
| v. | : | |
| OXFORD HEALTH PLANS, INC. and METROPOLITAN LIFE INSURANCE COMPANY, | : | |
| Defendants. | : | SEPTEMBER 15, 2004 |

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S 56(a)(1) STATEMENT

1. Medvey was employed by Oxford beginning October 27, 1997. Ex. B, Medvey Dep. II, 46-47.

2. Medvey was a participant in the Plan, which was sponsored by Oxford and funded by a group policy of insurance issued by MetLife to Oxford. MetLife served as the claims administrator for the Plan, an employee welfare benefit plan governed by ERISA. Amended Complaint, ¶6; Ex. G, Affidavit of Jeanne Rudell, ¶¶ 5 and 6; May 3, 2002 Ruling on Defendant's Motion to Dismiss, pp.7-9.

3. MetLife was not retained to serve in any other capacity on behalf of Oxford. Ex. G, Affidavit of Jeanne Rudell, ¶ 6.

4.MetLife's contact with Medvey was at all times related to Medvey's claim for benefits under the Plan. It began when Medvey applied for and was granted STD benefits under the Plan from May 22, 1999, to June 13, 1999. Ex. F, Dep. Exs. 26, 29; Ex. B, Medvey Dep. II, 83-84.

5.In support of her claim Medvey submitted medical records from her psychiatrist, Dr. Harry Brown. In his note dated May 19, 1999, Dr. Brown stated Medvey had: "Difficulty concentration and organization (sic) work related demands. Eye strain, dizziness, and nausea, resulting in temporary decreased performance." Ex. F, Dep. Ex. 27; Ex. B, Medvey Dep. II, 84-85.

6.In July of 1999, Medvey applied for a position with Coldwell Bankers in Fairfield, Connecticut. Ex. F, Dep. Ex. 57; Ex. C, Medvey Dep. III, 129-130.

7.She began working with Mila Grieb, a real estate agent at Coldwell Bankers at that time. This eventually developed into a position for Medvey as Grieb's Personal Assistant. Ex. F, Dep. Ex. 52, p. 2; Ex. C, Medvey Dep. III, 117-118.

8.On August 18, 1999, Dr. Robert Lesser, a neuro-ophthalmologist, wrote that Medvey "should switch her job to something that does not involve as much work with a computer screen." Ex. F, Dep. Ex. 37, p. 3; Ex. D, Medvey Dep. IV, 75.

9.On August 31, 1999, MetLife mailed Medvey a "Personal Profile" to complete so that MetLife could evaluate her condition. Ex. F, Dep. Ex. 38; Ex. B, Medvey Dep. II, 104-105.

10.On September 20, 1999, Medvey signed the completed Personal Profile. She stated in the Profile that (1) she performed various types of housework, including laundry,

vacuuming, dusting, and washing dishes; (2) there had been no changes in her ability to care for her household since her disability began; (3) there had been no changes in her shopping habits; (4) she participated in the activities of exercising, walking, movies, swimming, reading, television, personal use of the computer, and bridge; and (5) she had not changed her eating habits nor did she require assistance in preparing her meals. Ex. F, Dep. Ex. 39, pp. 2-5; Ex. B, Medvey Dep. II, 108.

11. Medvey did not return the Personal Profile to MetLife until October 4, 1999. Ex. F, Dep. Ex. 39, pp. 1-5; Ex. B, Medvey Dep. II, 108.

12. Medvey's disability causes her no difficulty or minimal difficulty in caring for herself, performing manual tasks, walking, hearing, speaking, breathing, or learning. Ex. F, Dep. Ex. 39, pp. 2-5; Ex. C, Medvey Dep. III, 24.

13. On September 15, 1999, Medvey and Grieb signed a written employment agreement regarding the Personal Assistant position. Ex. F, Dep. Ex. 51; Ex. C, Medvey Dep. III, 110-112.

14. Medvey had a commitment for at least six months of employment as Grieb's Personal Assistant at $25,000.00 per year. Ex. F, Dep. Ex. 51; Ex. F, Dep. Ex. 52, p. 1.

15. MetLife terminated Medvey's STD benefits on October 22, 1999, after Medvey had been successfully performing that job for well over a month. Ex. F, Dep. Ex. 46; Ex. C, Medvey Dep. III, 34-36.

16. Medvey did not appeal the MetLife decision to close its file until November 28, 2001, over two years after her STD benefits were terminated and well past the 60-day

3

requirement for filing an appeal. See, Ruling on Defendants' Motion to Dismiss Counts One Through Three of the Amended Complaint, dated February 6, 2003 ("Feb. 6, 2003 Ruling").

17. This Court ruled that Medvey's common law claims were preempted by ERISA in its Ruling on Defendant's Motion to Dismiss. See Ruling on Defendants' Motion to Dismiss, dated May 3, 2002 ("May 3, 2002 Ruling").

18. In its subsequent Ruling on Defendant's Motion to Dismiss Counts One Through Three of the Amended Complaint, this Court dismissed Medvey's ERISA claims, finding that Medvey could not bring an ERISA claim in federal court because she failed to exhaust her administrative remedies as required under ERISA. See, Feb. 6, 2003 Ruling.

**DEFENDANT**
**METROPOLITAN LIFE INSURANCE COMPANY**

By: _____
David A. Kulle (ct00333)
dkulle@rc.com
David J. Burke (ct04373)
dburke@rc.com
Diane Bucci (CT23763)
dbucci@rc.com
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904
Tel No.: (203) 462-7500
Fax No.: (203) 462-7599

4

## **CERTIFICATION**

This is to certify that the foregoing was sent via first class mail to Edmond Clark, Esq., 83 Scotland Avenue, P.O. Box 133, Madison, CT 06443-0133 on this 15th day of September, 2004.

_____
David J. Burke