# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA ANN MEDVEY, | :    CIVIL NO. 301CV1977(EBB) |
|        Plaintiff, | : |
| v. | : |
| OXFORD HEALTH PLANS, INC., and METROPOLITAN LIFE INSURANCE COMPANY, | : |
|        Defendants. | :    MARCH 14, 2005 |

### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Metropolitan Life Insurance Company ("MetLife"), through its attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rule 7(d), submits this Reply Memorandum of Law ("Reply") in support of its Motion for Summary Judgment.[1]

---

[1] As a preliminary matter, it should be noted that in her Local Rule 56(a)2 Statement, Medvey admitted paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 13, 15, 16, 17, and 18 of the 18 statements offered by MetLife in its 56(a)1 filing. The remaining 5 paragraphs (3, 4, 10, 12 and 14) were simply "denied" by Medvey without the specific citations to affidavits or other evidence required by Local Rule 56(a)2. Therefore, these paragraphs should also be deemed admitted by Medvey, and/or, MetLife's Motion for Summary Judgment should be granted. Local Rule 56(a)2; see also Coan v. Kaufman, 333 F. Supp. 2d 14, 16 n. 1 (D. Conn. 2004); Martin v. Town of Westport, 329 F. Supp. 2d 318, 323 n. 1 (D. Conn. 2004). Moreover, Medvey has failed to comply with her obligations under Local Rule 56(a)(2), which requires her to provide the Court with a list of "each issue of material fact as to which it is contended there is a genuine issue to be tried." Instead, Medvey's Rule 56(a)(2) statement sets forth a list of legal conclusions or propositions. Such statements do not suffice to raise legitimate, genuine issues of material fact. Abramowitz v. Ogrinc, 2002 U.S. Dist. LEXIS 26140, *6 (D. Conn. September 9, 2002).

## ARGUMENT

### I.

### THIS COURT SHOULD GRANT SUMMARY JUDGMENT TO METLIFE REGARDING ALL COUNTS OF THE AMENDED COMPLAINT BECAUSE MEDVEY'S CLAIMS AGAINST METLIFE ARE PREEMPTED BY ERISA AND HER ERISA CLAIMS WERE ALREADY DISMISSED.

To defeat MetLife's Motion for Summary Judgment, Medvey must establish the existence of some genuine issue for trial through *evidence* that goes "beyond the pleadings...." Smith v. Blue Cross Blue Shield, Inc., 894 F. Supp. 1463, 1467 (D. Kan. 1995). Evidence in the form of affidavits, deposition testimony, answers to interrogatories, or admissions on file are required to designate specific facts showing there is some genuine issue for trial. Id. Such evidence must be material to the outcome of the litigation, permitting a "rational trier of fact to find for the non-moving party." Plaintiff's Memorandum in Opposition to MetLife's Motion for Summary Judgment ("Plaintiff's Opposition Memo") at 19, citing Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986). Thus, merely "stating" a *prima facie* claim is not sufficient to withstand a motion for summary judgment.

In its Ruling on Defendant's earlier Motion to Dismiss of May 3, 2002, this Court found that Medvey's common law claims were preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"). See Ruling on Defendants' Motion to Dismiss, dated May 3, 2002. Thereafter, this Court dismissed Medvey's ERISA claims because Medvey failed to exhaust her administrative remedies under the Plan.

2

See, Ruling on Defendant's Motion to Dismiss Counts One Through Three of the Amended Complaint, dated Feb. 6, 2003.

Thus, Medvey can only defeat MetLife's Motion by showing that she has a claim against MetLife that falls outside of the purview of ERISA, or by establishing through specific facts in admissible form that MetLife was her employer[2] or other covered entity pursuant to the employment discrimination statutes under which her remaining courts sound.

Medvey admitted during her deposition that she is claiming that MetLife deprived her of **benefits** under the Plan and **misrepresented** that it would provide benefits to her pursuant to the Plan. MetLife's Memorandum of Law in Support of Motion for Summary Judgment ("MetLife's Memo in Support") at 6-7 (citation omitted). Both claims are clearly preempted by ERISA. Id. This is well-settled.

Indeed, Medvey makes no argument to the contrary in her brief. She does not even address the fact that MetLife made these arguments in **its** brief. Medvey simply ignores this issue. Therefore, summary judgment should be granted both because MetLife's argument is unopposed and because Medvey's claims against MetLife are clearly preempted by ERISA.

## II.

### THIS COURT SHOULD GRANT SUMMARY JUDGMENT TO METLIFE REGARDING ALL COUNTS OF THE AMENDED COMPLAINT BECAUSE METLIFE IS NOT A COVERED ENTITY FOR THE PURPOSES OF THE AMERICANS WITH DISABILITIES ACT ("ADA").

Medvey argues that "sufficient material facts exist to show that MetLife is a covered entity for purposes of Medvey's relationship to MetLife." The issue, however, is not whether

---

[2] Medvey makes no claim in her Opposition Memo that MetLife was her employer.

3

MetLife is a covered entity for the purposes of Medvey's relationship to it, but whether MetLife is a covered entity pursuant to the ADA.

In arguing that MetLife is a "covered entity," Medvey relies on Fisher v. Metropolitan Life Ins. Co., 895 F.2d 1073 (1990) and Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186 (1997)." Both cases are ERISA cases. They discuss the proper party defendant in the context of an ERISA action. The entity language discussed by the courts relates to "ERISA entities," not "covered entities" under the ADA. See, e.g., Garren, 114 F.3d at 188. Indeed, the term "covered entity" is not found in either opinion. Obviously, Medvey's citations to these two cases are unavailing. As noted above, Medvey's ERISA claims have long been dismissed. She cannot now rely on decisions in ERISA cases to support her non-ERISA claims against MetLife. Nor can she rely on "ERISA entity" language discussed in ERISA cases to establish that MetLife is a "covered entity" under the ADA.

Medvey has not put forth any argument, much less any *evidence*, to establish MetLife as a "covered entity" under the ADA. Indeed, Medvey makes no effort to counter the argument made by MetLife in its memorandum that "MetLife's role as claims administrator and insurer for the Plan does not convert it into a 'covered entity.'" MetLife's Memo in Support, at 9 (citations omitted). Because MetLife did not exercise "control over the level of benefits," it cannot be deemed an employer or a "covered entity." Nearhood v. Free State Health Plan, Inc., 1997 WL 151545, *2 (D. Md. Jan. 31, 1997). MetLife's Memo in Support, at 10. Again, since Medvey ignores this argument, MetLife should prevail on this issue.

4

Medvey does state that MetLife "operated as Oxford's agent in matters of Medvey's claims." Plaintiff's Opposition Memo, at 23. What this statement is intended to establish is unclear. In the event that Medvey is arguing that MetLife was Oxford's agent with respect to Medvey's claims for benefits, the statement is irrelevant. Assuming, *arguendo*, that MetLife was Oxford's agent for the purposes of Medvey's claim for benefits, such claim is an ERISA claim. Again, Medvey's ERISA claims have been dismissed.

If Medvey's statement is intended to lead this Court to infer that MetLife was Oxford's agent with respect to Medvey's employment, there is no basis whatsoever for such an inference. Medvey has not offered even a scintilla of *evidence* to establish such a relationship between Oxford and MetLife. She cannot do so, as no such evidence exists.

## CONCLUSION

For all of the above reasons, and for the reasons included in MetLife's Memorandum in Support of its Motion for Summary Judgment dated September 14, 2004, the defendant respectfully requests that the Court grant its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

DEFENDANT,
METROPOLITAN LIFE INSURANCE
COMPANY

By: /s/ David A. Kulle
David A. Kulle (ct00333)
dkulle@rc.com
David J. Burke (ct04373)
dburke@rc.com
Diane Bucci
dbucci@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel No.: (860) 275-8200
Fax No.: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, to Edmond Clark, Esq., 83 Scotland Avenue, Madison, Connecticut 06443-0133, on March 14, 2005.

_____
David J. Burke